CITED *in Leigh* v. *Alpaugh*, 4 *Zab.* 631.

---

## JOSEPH HENRY v. JAMES CAMPBELL.

If a justice, in certifying a transcript, certifies the same to be a true transcript from his docket, and annexes his hand and seal without certifying that it is his hand and seal, or adding "witness my hand and seal," it is sufficient. The court will not presume that a seal was wrongfully added by another.

The Court of Common Pleas of Somerset dismissed the appeal in this case, on the ground that the justice failed to certify at the foot of the transcript that the same was under his hand and seal.   The certificate was as follows: "I certify that the foregoing is a true transcript from my docket of the proceedings had in the above case.   I. A. G., justice of the peace, (s.)"

Mr. *Ransom* now moves for a *mandamus* to the Court of Common Pleas, commanding them to reinstate this appeal.

POTTS, J.   The transcript produced for our inspection appears to be under the hand and seal of the justice.   The seal

is. affixed, but the objection is that he has not *certified* that it is. his seal; and it is said that the seal being upon the paper, is. not conclusive evidence that it was put there by the justice. The statute (*Rev. St.* 244, § 54,) prescribes no form of authentication. It simply directs the justice to send up a transcript under his hand and seal. The seal is necessary; but if it had been omitted, the transcript in that particular might have been perfected by calling upon the justice, at any time before the trial of the appeal, to put his seal to it. *Thompson* v. *Sutton*, 1 *Halst.* 220. It was not to be presumed that the seal in this case had been fraudulently annexed to this paper. If the appellee had doubts about it, he should have taken a rule upon the justice to certify whether this was his seal or not. *Prima facie*, the court should have taken it to be his, and they who questioned it should have been held to show the contrary. Let the *mandamus* issue.

ELMER, J., concurred.